UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LEROY PEOPLES,

                Petitioner,                          **MEMORANDUM AND ORDER**

   -against-                                                17-CV-1272 (RRM)

JOHN COLVIN, Superintendent,

                Respondent.
-------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Petitioner LeRoy Peoples, who is currently incarcerated at the Five Points Correctional Facility in Romulus, New York, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254"). For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## BACKGROUND

       The petition challenges a May 22, 2000 Queens County conviction for attempted criminal possession of a controlled substance in the third degree. (*See generally* Pet. (Doc. No. 1).) Peoples states that he was sentenced on September 17, 2001 to an indeterminate term of one-and-one-half to four-and-one-half years of incarceration. (*Id.* at 1.)[1] He did not file a notice of appeal. (*Id.* at 2.) On June 24, 2016, Peoples filed a motion pursuant to Criminal Procedure Law § 440.20 in New York state court in which he sought to vacate the judgment of conviction. (*Id.* at 3.) Peoples argued that the trial court erred by failing to determine whether he was eligible for youthful offender status at the time of his plea, conviction, or sentence. (*Id.* at 3.) The motion was denied on October 12, 2016. (*Id.* at 39.) The decision explained that "under law existing at

---

[1] For ease of reference, the Court refers to the page numbers generated by the Electronic Case Filing system.

the time, defendant waived his right to seek a court determination of his eligibility to seek youthful offender status." (*Id.*)

The instant petition raises the same claim: that the trial court failed to determine whether petitioner was entitled to youthful offender treatment. (*Id.* at 5.) Peoples also asserts that he still "owes 2 years 6 months & 18 days" of his sentence on the 2000 conviction, because it is "'consecutive' to his current sentence under Indictment # 2013-20031." (*Id.* at 5, 7.) On that basis, Peoples argues that his petition is timely because he filed it within one year of the decisions in his state post-conviction proceedings. (*Id.* at 8, 13.)

## DISCUSSION

The petition appears to be time-barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA provides, *inter alia*, that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the AEDPA statute of limitations may be equitably tolled. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (per curiam), *cert. denied*, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002) (quoting *Smith*, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003); *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000).

2

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). *See also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999); *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

In this case, the facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. Petitioner was sentenced on September 17, 2001. (Pet. at 1.) As he did not appeal, the conviction became final 30 days later, on October 17, 2001, when the time for filing a notice of appeal to the Appellate Division expired. *See* N.Y. Crim. Proc. Law § 460.10(1)(a). Thus, Peoples had until October 17, 2002 to file his petition. *See* 28 U.S.C. § 2244(d)(1)(A). However, Peoples filed the instant petition on March 3, 2017. (*See generally* Pet.)

In turn, it does not appear that Peoples can benefit from equitable tolling, as he did not file his state court applications for post-conviction relief until long after the expiration of the limitations period. (*See* Pet. at 28.) A motion for post-conviction relief filed after the limitations period has expired will not re-set the statute of limitations for bringing a petition for a writ of habeas corpus. *Smith*, 208 F.3d at 17.

At this stage, Peoples has presented no grounds for equitable tolling. Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[2] *See Day*, 547 U.S. at 209–10; *Acosta*, 221 F.3d at 125. Should Peoples file an affirmation, he must include any facts and documentary evidence that would support tolling of the statute of limitations.

No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until Peoples has complied with this Order. If Peoples fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

Dated: Brooklyn, New York
Oct 26, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[2] An affirmation form is attached to this Order for Peoples' convenience.

4